## Staunton.

## PENDLETON v. COMMONWEALTH.

### September 16, 1909.

1. TAXATION—*Personal Taxes—Residence—Non-Residents.*—The question of personal taxation is to be determined by a person's residence and not by his citizenship, and is not affected by section 40 of the Code relating to expatriation. The State has no jurisdiction to assess a tax as a personal charge against a non-resident, nor, as a general rule, can the personalty of a non-resident be taxed unless it has an actual *situs* within the State.

2. RESIDENT—*Residence.*—The meaning of the words "resident" and "residence," as used in tax laws, depends upon no one fact or combination of circumstances, but must be determined from all the facts and circumstances taken together in each particular case.

3. DOMICILE—*Residence—Change of Domicile—How Effected—Case at Bar—Taxation.*—"Domicile" is of more extensive significance than "residence," and includes besides mere physical presence at a particular place, positive or presumptive proof of an intention to make it a permanent abiding place. To acquire a domicile in a particular place there must be a residence there and an intention to make that place one's home. If a person domiciled at one place but resident at another determines to make his place of residence his domicile, and continues to abide there with the intention to make it his home permanently, or for an indefinite period, he thereby acquires a new domicile. In the case at bar, the taxpayer's intention to change his domicile from this State to the city of Washington, D. C., was not only explicitly declared, but was followed by conduct consistent therewith and evincing his good faith, and he is therefore no longer taxable in this State.

4. TAXATION—*Bank Deposits—Non-Residents—Code, Sections* 487 *and* 489.—Sections 487 and 489 of the Code (1904) are only applicable to residents of this State. Under these sections money belonging to such residents, whether deposited in bank in or out of this State, is taxable here, but general deposits by non-residents of their own money in a bank of this State are not taxable here.

Error to a judgment of the Circuit Court of Augusta county on an application to correct an erroneous assessment of personal property for taxation. Judgment for the Commonwealth. Applicant assigns error.

*Reversed.*

The opinion states the case.

*Jos. A. Glasgow* and *H. H. Kerr,* for the plaintiff in error.

*Wm. A. Anderson, Attorney-General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error, who was the plaintiff in the trial court, was assessed for the year 1908 with certain taxes in Pastures District, Augusta county, to-wit: poll tax $1.50, on $50,000 of bonds, on $400 cash in bank, and on an income of $7,000. This assessment he claims was erroneous, on the ground that he was not a resident of the State during the year 1908. In the time prescribed by statute, he filed his petition in the circuit court for that county to have said assessment corrected. The court declined to grant the relief sought, and dismissed his petition. To that order this writ of error was awarded.

It appears that the plaintiff owns and has owned for eighteen or nineteen years a farm in Augusta county, which he has improved, and which he used occasionally as a summer home, but not continuously; that prior to the year 1907, for some ten or fifteen years, he gave in or was assessed and paid a capitation tax and taxes on bonds and income, in addition to taxes on his farm and tangible personal property in that county; that prior to the adoption of the present Constitution of the State he had registered as a voter, but whether or not he had ever voted does not appear; that he had not registered since the present Constitution had been in force; that at the De-

cember, term, 1907, of court he had asked to be relieved from taxation on bonds, etc., in this State, upon the ground that he was a resident of Washington, District of Columbia, and not of this State, but the court had denied the relief sought; that he afterwards gave notice to the commissioner of the revenue of Pastures District, in writing, that he was not a resident of this State, and refused when called upon by the commissioner in 1908 to give in for taxation the subjects of taxation from which he now seeks to be relieved. It further appears that the plaintiff's wife owns a residence in Washington, D. C., where he, she, their children and servants have resided for the greater part of each year for more than twenty years; that they have spent a part of each year for some years at Atlantic City, New Jersey, and Palm Beach, Florida, where his wife owns property; that they travel about a good deal; and that during the last two years his wife had been at his farm in Augusta county for ten days or two weeks, and he himself had been there two or three times during that period for a few days. He testified that he was a resident of Washington, D. C., where he resided the greater part of his time, and that he was not a resident of Virginia, and had so declared in open court upon his former motion to be relieved from said taxation, and prior to 1908 had notified the commissioner of the revenue that he was a resident of Washington, D. C., and not of this State.

The trial court based its refusal to grant the relief sought, not upon the ground that the plaintiff was a resident of this State, but upon the ground that he was a citizen thereof, and that in order to be entitled to the relief sought he must comply with the provisions of section 40 of the Code, which is as follows:

"Whenever a citizen of this State, by deed in writing, executed in the presence of and subscribed by two witnesses, and by them proved in the court of the county or corporation where he resides, or by open verbal declaration made in such court and entered of record, shall declare that he relinquishes the

character of a citizen of this State, and shall depart out of the same, such person shall, from the time of such departure, be considered as having exercised his right of expatriation, so far as regards this State, and shall thenceforth be deemed no citizen thereof."

. That section, as was properly conceded by the Attorney-General, has no reference to residence or domicile, but relates entirely to citizenship and fealty, and the question of personal taxation is to be determined, not by the plaintiff's citizenship, but by his residence.

The State has no jurisdiction to assess a tax as a personal charge against a non-resident, nor as a general rule can the personalty of a non-resident be taxed unless it has an actual *situs* within the State. 1 Cooley on Taxation, pp. 24-25, 84-86, 641; Va. Code, 1904, secs. 487, 489.

The question involved in this case is whether or not the plaintiff was a resident of this State, within the meaning of the tax laws, in the year 1908, when assessed with the taxes complained of.

It is very difficult to give an exact definition of what is meant by "resident" or "residence," as used in particular statutes. The meaning of those words depends upon no one fact or combination of circumstances, but must be determined from all the facts and circumstances taken together in each particular case. *Long* v. *Ryan,* 30 Gratt. p. 720; 1 Cooley on Taxation, p. 641.

While the words "residence" and "domicile" are not convertible terms, the latter being a word of more extensive signification and including, beyond mere physical presence at the particular place, positive or presumptive proof of an intention to make it a permanent abiding place (*Long* v. *Ryan, supra;* 14 Cyc. 835), yet if those words be treated as synonymous, as is argued they should be, and as they frequently are in tax statutes (1 Cooley on Taxation, 641), it seems to us that all the facts and circumstances taken together show that the resi-

dence or domicile of the plaintiff was in Washington city, and not in Augusta county.

To acquire a domicile in a particular place there must be a residence there and intention to make that place one's home. Treating the plaintiff as having had a domicile in this State prior to 1907, in order for him to acquire a domicile in Washington, D. C., it was necessary, first, that he should reside there, and, second, that he should intend to make that place his home. *Pilson* v. *Bushong,* 29 Gratt. 229 ; *Long* v. *Ryan, supra; Lindsay* v. *Murphy,* 76 Va. 428, 429.

But where a party is already abiding at a particular place while his domicile is elsewhere, and if while so abiding he forms an intention to make it his home permanently; or for an indefinite period, and he continues to abide there in pursuance of that purpose, he thereby acquires a new domicile. *Barron* v. *City of Boston,* 187 Mass. 168, 72 N. E. 951, 952.

In the case cited it was said that there was no requirement of law that he should give notice to assessors or anyone else of his change of domicile.

In the case under consideration the plaintiff had declared under oath in open court in 1907 that he was a resident of Washington city, and gave notice to the assessor of the district in which his farm was situated and where he had been assessed with taxes as a resident of this State, that he was a resident of Washington city. Since that time he and his family have resided for the greater part of the time in that city; they have spent only a few days at his farm in this State, and his conduct and acts since that time are not in conflict, but in accord, with his declared intention as to making his home in that city.

Of course, the declarations of a party as to intention in a case like this are of little value where they are in conflict with any reasonable interpretation which can be placed upon his acts and conduct; but there is nothing in this case to indicate that the plaintiff's declarations were not made in good faith.

The Attorney-General insists, however, that even though the plaintiff be not a resident of this State, he is liable to the tax assessed upon the money he had on deposit in bank in this State.

It is well settled that a general deposit in a bank creates the relation of debtor and creditor between the bank and the depositor, and that although it is called a deposit it is a loan and not a bailment. *Robinson* v. *Gardner,* 18 Gratt. 509, 510, and cases cited. It is also clear from the provisions of sections 487 and 489, Va. Code, 1904, that money deposited in bank, as this was, was not treated as "tangible personal estate" and made taxable on that ground, but was subject to taxation because the depositor was a person residing within this State, within the meaning of the tax laws. In the case of such resident, money belonging to him, whether deposited in a bank in or out of the State, is taxable, but where he is not such resident his general deposits of his own money in a bank of this State are not taxable here. See *Com'th* v. *Williams,* 102 Va. 778, 47 S. E. 867; *Selden, Trustee,* v. *Brooke, Collector,* 104 Va. 832, 52 S. E. 632.

The order of the circuit court must be reversed, and this court will enter such order correcting the erroneous assessment complained of as the circuit court ought to have entered.

*Reversed.*