Bernhard Werkman, Appellee, v. Anna Harms, Executrix, Appellant.

Gen. No. 7,676.

1. ESTATES OF DECEDENTS—*when securities shown to be assets.* In a proceeding to require the surviving widow, as executrix of her deceased husband's estate, to inventory as assets thereof certain Liberty bonds, such bonds are shown to have been assets of the estate where the evidence shows that decedent purchased them during his lifetime and there is no credible evidence as to their possession thereafter, and no evidence showing that the executrix ever had or claimed any interest in them individually.

2. BANKING—*deposits payable to either husband or wife as property of survivor.* In a proceeding to require decedent's surviving widow as executrix to inventory as assets of the estate certain certificates of deposit representing bank deposits made by the husband individually, she is shown to be individually entitled to certificates made in the names of decedent and herself and payable to either of them where the evidence shows that the money was earned by their joint efforts and that the husband so declared during his lifetime that earlier deposits were made by him in his name alone and that later, when the deposits were issued in their joint names, he stated that he wanted his funds fixed so she would have access to them in case he died first.

3. BANKING—*deposits by husband and wife payable to him alone not joint property.* Certificates of deposit made by the husband in the names of himself and wife but payable to "himself" only

Werkman v. Harms, 232 Ill. App. 20.

are property of the decedent to be inventoried as part of his estate on his death.

Appeal by defendant from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded with directions. Opinion filed January 10, 1924.

COVEY & WOODS, for appellant.

ROBERT R. HUMPHREY, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

Gerd Harms, who was also known as George Harms, died at Lincoln, August 5, 1920, leaving a will whereby his entire property, both real and personal, was given to his widow, Anna Harms, appellant herein, for life with remainder to Bernhard Werkman, the appellee herein, who was a boy who had been taken by Harms and his wife at the age of two years and who had from that time lived with them until he had attained his majority. In the will appellant was named executrix. Appellant renounced the provisions of the will electing to take under the law. She filed an inventory in the estate scheduling among other things only $600 worth of personal property.

A citation was issued from the county court under the provisions of sections 81 and 82 of the Administration Act [Cahill's Ill. St. ch. 3, ¶¶ 82, 83] at the instance of appellee against appellant to require her to inventory as assets of the estate twelve certificates of deposit and $500 in Liberty bonds. A hearing was had in the county court thereon and an order and decree entered from which order an appeal was taken to the circuit court by appellee where a trial *de novo* was had and a decree and order entered finding that all of the certificates and Liberty bonds were assets of the estate and that appellant had no interest whatever in any of them, from which order this appeal has been perfected to this court.

The Liberty bonds in question were purchased by Harms in his lifetime and there is no credible evidence in the case as to their possession thereafter and no evidence tending to show that appellant ever had or claimed any interest to such bonds and we are of the opinion that the decree of the circuit court with reference to them was correct.

During the lifetime of Harms, the Lincoln State Bank, on deposits made by Harms, had issued certificates of deposit in substantially the same form except that in two of them the recital is that the funds were payable to the order "of himself." Two of the certificates were renewed by appellant after the death of her husband and the renewal certificate was given for a sum $100 larger than the original certificate.

The following is a sample of the certificates:

"THE LINCOLN STATE BANK No. 6018
"Lincoln, Illinois, Jan. 27, 1920.        $700.00
"Geo. Harms and Anna Harms has deposited in this bank $700 and 00 cts, payable to the order of either one on the return of this certificate properly endorsed 6 months after date with interest at 3 per cent per annum. No interest after maturity.
Certificate of Deposit.                    G. C. Kiest
Not subject to check.                       A. Cashier."

The chief matter of dispute in this case is the ownership of the certificates of deposit, which on their face recite that George Harms has deposited sums of money payable to the order of either one of them, it being contended by appellant that this constitutes a contract or agreement between the depositors in the bank and that under its terms either of the parties is entitled to the entire fund during their joint lives, or the survivor is entitled to the entire fund upon the death of the other. This precise question has never been passed upon by the Supreme Court of this State, but has been passed upon by courts of review in other States.

In *Deal's Adm'r v. Merchants' & Mechanics' Sav.*

*Bank,* 120 Va. 297, 91 S. E. 135, in a case where money had been deposited in a savings bank to the credit of "Martha S. Deal or Ellen C. Holland" and after the death of Martha S. Deal the entire fund was claimed by Ellen C. Holland, the Supreme Court of Virginia said:

"We are of opinion that, under the facts of this case, the effect of the deposit by Mrs. Deal to the joint credit of herself and her sister was to create a contract relation between the bank and the two joint depositors, under which the amount to the credit of the account became the property of Ellen C. Holland as the survivor of decedent and herself.

"The relation between a bank and a depositor is that of debtor and creditor. The deposit creates an ordinary debt, not a privilege or right of a fiduciary character. It is a loan with the superadded obligation that the money is to be paid when demanded by check. *Wood v. American Nat. Bank,* 100 Va. 306, 40 S. E. 931; *Pendleton v. Commonwealth,* 110 Va. 229, 65 S. E. 536; *New York County Nat. Bank v. Massey,* 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380.

"Therefore, when the deposit in this case was made by Mrs. Deal for the joint benefit of herself and Mrs. Holland, in legal effect a loan was made by decedent and Mrs. Holland to the bank, and the bank was the debtor to them, and they creditors of the bank, to the amount of such deposit. It was a pure contractual relation, and no question of gift or trust arises in determining the rights of the parties under such a contract."

In *Chippendale v. North Adams Sav. Bank* (1916), 222 Mass. 499, 111 N. E. 371, the question here involved arose, and the court, in disposing of the case, said:

"The new deposit in the Hoosac Savings Bank by its terms was a deposit to be paid during the lives of Williams and Mrs. Worthington or either of them as they should call for the deposit or a part of it, and the balance (not withdrawn during their joint lives) was to be paid to the survivor of them. Such a contract between a depositor or depositors and the savings

bank is a valid contract. If Mr. Williams had gone to the savings bank with a sum of money he could have made such a contract with the savings bank. What took place was the equivalent of that by reason of a novation with respect to the account theretofore on deposit in Williams' name alone. The case therefore which we have to decide is not a case of an attempted gift of property but is a case where Williams, the depositor through a novation, had made a new contract with the savings bank by virtue of which either he or Mrs. Worthington could draw such sums as either in their discretion chose during their joint lives, and the balance was to be withdrawn by and so was to belong to the survivor. In such a case there is no gift of the balance upon the death of Williams. Mrs. Worthington (when she survived Williams) became the owner of the balance undrawn by virtue of the contract of deposit, and not by virtue of a gift which took effect on Williams' death.''

In *Raftery v. Reilly*, 41 R. I. 47, 102 Atl. 711, the Supreme Court of Rhode Island said:

''It will be held that the owner of money has created the joint interest of himself and another in a deposit of such money when it appears to be his intention to devest himself of the exclusive ownership and control of the money so deposited and vest such ownership and control jointly in himself and another, with the attendant right of survivorship. The intention to make a present gift of a joint interest in such deposit may appear in the statement of the depositor or it may be shown by his acts and the attendant circumstances.''

In 28 C. J., on page 664, it is said:

''Where a person deposits money in a savings bank to the credit of himself and another, and payable to the order of either or the survivor of them, with the intention of making a gift, such deposit vests in the donee a joint interest with the depositor in the fund, and upon the death of the depositor the survivor is entitled to the amount then on deposit. The controlling question always hinges upon whether the owner

of the money intended to make a gift, or whether the account was entered in joint form for other purposes. The intention to make a present gift of a joint interest in such deposit may appear in the statement of the depositor, or it may be shown by his acts and the attendant circumstances.   *   *   *   Where the deposit by a person is in the name of himself and another, not his wife, the presumption is that it was done for the purposes of convenience only, and this presumption is strengthened by the illness or infirmity of the depositor. But in the case of husband and wife it has been held that the husband is presumed to have intended to benefit the wife, to the extent at least of conferring upon her the right of survivorship.''

The case in this State in which the designation of the payees therein most closely resembles the designation of the payees in this case, is the case of *Bolton v. Bolton,* 306 Ill. 473, in which case it was said:

"The controlling problem involved in a case like the one just cited is to ascertain whether the depositor intentionally and intelligently created the condition embracing the necessary elements of joint ownership. There must be an intent to do so by the party creating the condition. The *Erwin* case [283 Ill. 36] and the cases cited in the opinion are authority for the rule—and we think it the general rule—that the facts and circumstances surrounding the transaction, and the happenings pertaining to such transaction thereafter, may be inquired into for the purpose of aiding the court in ascertaining the intention of the parties.''

Harms and his wife had for many years lived upon a farm in Logan county and the evidence shows that appellant helped in the farming operations wherever help was needed; that she worked in the fields helping shock wheat and oats; that she husked corn; that she put hay away in the hay barn; that she planted potatoes and helped with the farm work generally in addition to doing the usual household work; that Harms, in speaking of his accumulations and as to who had made their money, said that they both had made it and that she had made just as much as he did.

The cashier of the bank testified that there was a time when the deceased made the deposits in the bank in his individual name and that later on both names appeared in their certificates, and in replying to a question by the court as to whether or not the witness had any conversation with the deceased as to why he changed, testified, that to the best of his memory Mr. Harms "wanted his funds, or at least some of them fixed, if I remember, in the event he should precede his wife in death, she would have access to them, these funds that were hers."

From the evidence in this case we are clearly of the opinion that in making the deposits in the joint name of himself and his wife, Harms did not do so for the purpose of convenience, but that it was his intention in so doing that she should have a joint interest therein with him and that, upon his death, the certificates of deposit, in which both their names appeared as payees, became and were the property of appellant, and the circuit court of Logan county should have so held.

As to the two certificates of deposit made payable to "himself," we are of the opinion that the evidence does not show them to be the property of appellant and that the court properly ordered them inventoried as a part of the estate of deceased.

The judgment of the circuit court is reversed and remanded with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded with directions.*