## CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield County
School Board

v.

Paul D. Fuller
and Maria C. Fuller

December 12, 1991

Case No. CL90–1148

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on October 21, 1991, to present evidence and argue the merits of this case. At the close of the evidence, the Court directed counsel to submit a letter memorandum in lieu of closing arguments as to the pivotal issue in this case, whether or not Maria C. Fuller was a *resident* of Chesterfield County from September, 1988, through June, 1990. It is conceded by counsel that Paul D. Fuller was a resident and domiciliary of Ohio during this period.

After careful consideration of the evidence presented at the trial on October 21, 1991, and upon review of the letter memoranda submitted by counsel, the Court is of the opinion that Maria C. Fuller was not a resident of Chesterfield County as contemplated in § 22.1–3 of the Code of Virginia (1950), as amended.

As acknowledged by counsel, there is scant case law interpreting the term "residence" as contemplated in Section 22.1–3 of the Code of Virginia (1950), as amended. However, as pointed out in plaintiff's memorandum letter dated October 28, 1991, the Attorney General has suggested that for purposes of interpreting § 22.1–3, the term residence is synonymous with domicile. Att'y Gen. Ann. Rep. 1972–73 at 348.

To acquire a domicile in a particular place, there must be a residence there and an intention to make that place one's home. *Pendleton v. Commonwealth*, 110 Va. 229 (1909). The Virginia Supreme court further stated in *Pendleton* that "it is very difficult to give an exact definition of what is meant by 'resident' or 'residence' as used in particular statutes. The meaning of those words depends upon no one fact or combination of circumstances but must be determined from all the facts and circumstances taken together in each particular case." (Citing *Long v. Ryan*, 71 Va. (30 Gratt.) 718, 720 (1878).)

Mrs. Fuller testified at trial that she never spent a night in Chesterfield County during the relevant time period; that she did not have any furniture or personal belongings at the townhouse located at 4715 Leadenhall Drive; and that she maintained employment, at least on a part-time basis, in the State of Ohio. Further, Mrs. Fuller's husband was living and working in the State of Ohio during the relevant time period, and Mrs. Fuller's two other children were living with Mr. Fuller in Ohio and attending school there.

From the evidence elicited at trial on October 21, 1991, the Court cannot determine an intent on the part of Mrs. Fuller to make Chesterfield County her home. Mrs. Fuller owned a townhouse at 4715 Leadenhall Drive, located in Chesterfield County, but there is no evidence that she had an intent to make this her "home." The townhouse was rented to tenants subsequent to the Fullers' purchase of the townhouse. Mrs. Fuller actively sought to rent this property continuously during the relevant time period. The Court is of the opinion that Mrs. Fuller did not have an intent to make Chesterfield County her home and, therefore, did not acquire a domicile in Chesterfield County during the relevant time period.

The Court is also of the opinion that the Fullers' actions and misrepresentations to the School Board regarding Mrs. Fuller's residence in Chesterfield County were not intentionally and knowingly made. Therefore, an action for actual fraud does not lie against Mr. and Mrs. Fuller.

However, the evidence does support a finding of constructive fraud.

> The law is well settled that if one represents as true what is really false, in such a way as to induce a reasonable man to believe it, and the representation is meant to be acted on, and he to whom the representation is made, believing it to

be true, acts on it, and in consequence thereof sustains damage, there is such fraud as will support an action for deceit at law or a bill of rescission of the transaction in equity. Whether the representation is made innocently or knowingly, if acted on, the effect is the same. In one case the fraud is constructive; in the other, it is actual.

*Union Trust Corporation v. Fugate*, 172 Va. 82, 92 (1939), *quoting, Mears v. Accomac Banking Co.*, 160 Va. 311, 321 (1933).

The Chesterfield County School Board relied on the Fullers' actions and representations regarding Mrs. Fuller's residency in Chesterfield County. As a result, the Chesterfield county School Board incurred a debt as a result of what it believed was its legal obligation to meet the special education needs of Christy Fuller. This obligation and subsequent debt were not warranted. Therefore, the Court finds that the evidence supports a finding of constructive fraud on the part of Mr. and Mrs. Fuller. Judgment is granted in the amount of $170,444.00 in favor of the plaintiff.