## Richmond.

DEAL'S ADM'R V. MERCHANTS AND MECHANICS SAVINGS BANK AND OTHERS.

### January 16, 1917.

1. BANKS AND BANKING—*Relation Between Bank and Depositor.*— The relation between a bank and a depositor is that of debtor and creditor. The deposit creates an ordinary debt, not a privilege or right of a fiduciary character. It is a loan with the superadded obligation that the money is to be paid when demanded by check.

2. BANKS AND BANKING—*Joint Deposit.*—Money of M. was deposited in a bank on savings account to the credit of M. or E. *Held:* That upon the death of M. the balance of such account belonged to E.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree in favor of contestant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Frank L. Crocker* and *Winston Parrish,* for the appellant.

*N. T. Green* and *Baker & Eggleston,* for the appellees.

HARRISON, P., delivered the opinion of the court.

This suit was brought by the administrator of Martha S. Deal claiming a certain deposit, on savings account, in the Merchants and Mechanics Savings Bank of Norfolk. The claim was contested by Ellen C. Holland, and the circuit

38

court entered a decree in favor of the contestant, from which this appeal has been taken by the complainant.

The controversy arises out of the following facts: In January, 1912, Martha S. Deal sent for a friend and requested him to deposit her money in bank, saying that she did not expect to live long and that she wanted the money to go to her sister, Ellen C. Holland, when she died. The friend told her that he could deposit the money in her name so that it would go to her sister at her death, and that it should be put on the bank book that way. In pursuance of this understanding, the money, $1,300, was deposited in the Merchants and Mechanics Savings Bank on savings account to the credit of "Martha S. Deal or Ellen C. Holland." At the time the deposit was made the receiving teller of the bank explained that the deposit was a joint account and that either of the parties named could draw the money at any time, but that it was necessary to bring the pass book to the bank. In December, 1913, less than a year after the deposit was made, Mrs. Deal died, having then drawn upon the account four times, the amount drawn aggregating $300. After Mrs. Deal's death, Mrs. Holland drew $200, which was used for paying her sister's funeral expenses, etc. The balance of the original deposit, with accrued interest, is the subject of this litigation. After Mrs. Deal's death the bank book was produced from the possession of Mrs. Holland, taken to the bank for her, and the deposit changed, by the bank, to Mrs. Holland's name alone, the bank thereby recognizing its understanding with the decedent and Mrs. Holland at the time the deposit was made. That this joint deposit was made with the understanding that the balance thereof, not checked out during the joint lives of the two depositors, was to become the property of the survivor satisfactorily appears.

We are of opinion that, under the facts of this case, the effect of the deposit by Mrs. Deal to the joint credit of her-

self and her sister was to create a contract relation between the bank and the two joint depositors, under which the amount to the credit of the account became the property of Ellen C. Holland as the survivor of decedent and herself.

The relation between a bank and a depositor is that of debtor and creditor. The deposit creates an ordinary debt, not a privilege or right of a fiduciary character. It is a loan with the superadded obligation that the money is to be paid when demanded by check. *Wood* v. *Am. Nat. Bk.*, 100 Va. 306, 40 S. E. 931; *Pendleton* v. *Commonwealth*, 110 Va. 229, 65 S. E. 536; *Bank* v. *Massey*, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380.

Therefore, when the deposit in this case was made by Mrs. Deal for the joint benefit of herself and Mrs. Holland, in legal effect a loan was made by decedent and Mrs. Holland to the bank, and the bank was the debtor to them, and they creditors of the bank, to the amount of such deposit. It was a pure contractural relation and no question of gift or trust arises in determining the rights of the parties under such a contract.

In *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499, 111 N. E. 371, the question here involved arose, and the court, in disposing of the case, said: "The new deposit in the Hoosac Savings Bank, by its terms, was a deposit to be paid during the lives of Williams and of Mrs. Worthington, or either of them, as they should call for the deposit, or a part of it, and the balance (not withdrawn during their joint lives) was to be paid to the survivor of them. Such a contract between a depositor or depositors and the savings bank is a valid contract. If Mr. Williams had gone to the savings bank with a sum of money, he could have made such a contract with the savings bank. What took place was the equivalent of that by reason of a novation with respect to the account theretofore on deposit in Williams' name alone. The case, therefore, which we have to

decide is not a case of an attempted gift of property, but is a case where Williams, the depositor, through a novation, had made a new contract with the savings bank by virtue of which either he or Mrs. Worthington could draw such sums as either in their discretion chose during their joint lives and the balance was to be withdrawn by and so was to belong to the survivor. In such a case there is no gift of the balance upon the death of Williams. Mrs. Worthington (when she survived Williams) became the owner of the balance undrawn, by virtue of the contract of deposit, and not by virtue of a gift which took effect on Williams' death."

In *Blick* v. *Cockins*, 252 Pa. 56, 97 Atl. 125, it is held that: "A deposit in a bank account in the joint name of husband and wife, subject to the order of either or survivor, whether made by each of them or entirely by the wife, amounts to a gift to both jointly, with right of survivorship, and on her death the deposit becomes his sole property"

As the decree complained of must be affirmed for the reasons already given, it is unnecessary to consider other grounds urged in its support.

*Affirmed.*