## No. 9408.

### EDGAR v. YANT, ET AL.

1. ASSIGNMENT—*Who may question.* Only the parties to an executory contract can question an assignment thereof.

2. CONTRACT—*Construed.* Edgar executed a writing acknowledging to have received from Duval a stallion, and providing that if after two years Duval should not "take possession of the horse on payment to me" of a sum named, "I am to retain said horse as my own property." Held a deed of gift upon condition, which, being consistent with the gift, did not invalidate it; that at the expiration of the period named the animal became the property of Edgar, and his assignment of all right under the contract passed title to the horse.

*Error to Otero District Court, Hon. J. E. Rizer, Judge.*

Mr. JOHN A. MARTIN and Mr. CHARLES M. ROSE, for plaintiff in error.

Mr. CLYDE T. DAVIS, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

SUIT was by Roy Edgar, plaintiff in error, against Alex. Yant, as sheriff of Otero County, and The American Surety Company, as bondsman of such Sheriff, for damages in the sum of $3,000.00, for the conversion of a certain stallion alleged to be the property of plaintiff, and levied upon while in his possession, where, as the record shows, it had been for upwards of eleven months. A demurrer was filed to an amended complaint upon the ground that it failed to state a cause of action, in that it appeared therefrom that plaintiff was neither the owner nor entitled to the possession of the stallion alleged to have been wrongfully taken. The demurrer was sustained, plaintiff elected to stand upon his amended complaint and a judgment of dismissal was accordingly entered. That judgment is now here for review on writ of error.

It appears from the complaint that the horse in question on or about the 12th of July, 1912, was presented to John W. Edgar, upon the terms and conditions indicated by the following acknowledgement or receipt:

"This acknowledges that I have this day received from H. Rieman Duval, of New York City, New York, one stallion named Fayette, which has been presented to me upon the following terms and conditions and agreements, to-wit:

"1. I am to keep said horse upon my farm or elsewhere in the County of Otero, State of Colorado, for breeding purposes and for the period of two years permit said horse to serve mares in said county free of charge for such service, only such mares to be served by said horse as in my judgment are worthy of such service, and only such number of mares to be served by said horse during each year, as the age, condition and vitality of said horse will reasonably permit.

"If at the expiration of two years from this date the said H. Rieman Duval, or his assigns, shall not take possession of said horse upon payment to me of not to exceed two thousand dollars ($2,000.00) as hereinafter provided, then I

am to retain said horse as my own personal property, and to thereafter charge such fees for the service of said horse as I may think right.

"2.   At the expiration of two years from the date hereof, said Duval, or his assigns, shall have the right to retake possession and full ownership by paying me a sum of money, not exceeding $2,000.00 in amount, to compensate me for the care, maintenance, handling and breeding thereof, but should said Duval, or his assigns, fail to retake possession and ownership of said horse and pay me a sum not exceeding $2,000.00 as aforesaid within two years from the date hereof, then the said horse is to become my absolute and sole property and thereafter I shall own and possess the same for my sole use and benefit; and I do agree that at all times during said two years I shall give the said horse proper care, maintenance and handling and do everything that is reasonable to maintain the health, vigor and vitality of said horse as a breeding animal or stallion.

"Dated this 12th day of July, A. D. 1912.

(Signed) "JOHN W. EDGAR."

The above instrument is endorsed on the back as follows:

"August 11, 1913.   In consideration of the time, care and money expended by Roy Edgar upon the stallion Fayette, the exact amount of which I can not state, but extending from July 12, 1912, to this date, I hereby assign and set over to Roy Edgar all my right to said stallion and all benefits, payments and rights under Mr. Duval's contract, on the other side of this paper, to which I may be entitled, to Roy Edgar.

"JOHN W. EDGAR."

On July 10, 1914, Yant, as Sheriff, levied upon the horse, and on July 28th following sold him under and by virtue of an execution against John W. Edgar, as the property of the latter.

According to the theory of defendants in error, the instrument relied upon by plaintiff in error was not assign-

able, and consequently Roy took no interest in the horse under the assignment endorsed thereon. It is urged that the so-called contract is a personal one, and therefore unassignable; that it fails to show a valid gift *inter vivos* to John W. Edgar; and that if plaintiff recovers it must be upon the strength of his own title and not upon the weakness of that of the defendants.

Whether the purported contract can be legally assigned is one that can properly be raised only by the parties to the transaction. Defendants in error, being strangers to Duval, are in no position to question the assignability of the instrument. *Finnerty v. Stratton's Estate*, 53 Colo. 17, 123 Pac. 667.

Whether the instrument be considered a contract for personal services, or a gift upon conditions subsequent, it is manifest that Duval, the donor, the only one who had a right to question the assignment, made no attempt to enforce any rights which he may have had thereunder respecting the stallion, and that, if not at an earlier date, in any event on July 12th, 1914, John W. Edgar unquestionably became the owner of the horse, subject only to the assignment above set out, as Duval had not meanwhile exercised his option to repurchase. If on August 11th, 1913, John had no assignable interest in the stallion, neither did he have any interest subject to levy and sale under execution in favor of creditors on July 10th, 1914. If he did have an assignable interest, such interest clearly, passed by the endorsement set out above, and the attempted levy was a nullity and wholly unwarranted under the law.

The contract appears to be a deed of gift to John W. Edgar, coupled with certain conditions subsequent, under one of which, in certain circumstances and conditions, the donor could retake ownership and possession. The instrument declares that after two years Duval may "retake" possession and ownership, clearly signifying that he had theretofore parted with both. The further statement in the instrument that the horse was to be the sole property of

Edgar after two years is simply a statement that at the end of that time the title of Edgar to the horse would be free and clear of all conditions, particularly the right in Duval to retake possession and ownership on the payment of $2,000.00, if the same had not theretofore been exercised. The fact that these conditions were imposed does not invalidate the gift, because they are entirely consistent with it. 20 Cyc. 1210; *Doty v. Willson,* 47 N. Y. 580; *Beatty v. Western College,* 177 Ill. 280, 52 N. E. 432, 42 L. R. A. 797, 60 Am. St. 243; *Fassett's Appeal,* 167 Pa. St. 448, 31 Atl. 686. It is plain that, upon the record before us, the assignment is valid as against the claim of the Sheriff under levy of execution, and that the demurrer to the amended complaint should have been overruled.

The judgment of the lower court is reversed and the cause remanded for further proceedings, as the parties may be advised, not inconsistent with the views herein expressed.

Judgment reversed and cause remanded.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.