No. 10,102.

MILLER *v.* THE AMERICAN BANK & TRUST COMPANY.

Decided May 1, 1922.

Action to compel payment of bank deposits to assignee thereof. Judgment of dismissal.

*Reversed.*

1. PERSONAL PROPERTY—*Joint Tenancy.* Joint tenancies with the incident of survivorship, obtain as to personal property.

2. JOINT TENANCY—*Bank Deposits.* A bank account may be so arranged that two persons shall be joint owners thereof during

their mutual lives, and the survivor take the whole on the death of the other. In creating such an account, no particular name or formula is required, and courts in construing the transaction will be controlled by the substance of the arrangement, rather than by the name given it.

3. PLEADING—*Complaint.* Allegations of a complaint in a suit brought to compel the payment of bank deposits, reviewed and held to state a cause of action.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES F. MILLER, *Pro se.*

Messrs. FILLIUS, FILLIUS & WINTERS, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFF, Charles F. Miller, brought this suit to compel payment to him by the defendant bank of a certain deposit in its savings account department. Plaintiff having amended his complaint, defendant demurred thereto, the demurrer was sustained and the cause dismissed on Miller's election to stand by his cause as made. Miller now brings the record here for review on error.

The savings account in question was opened in December, 1916, by Frank Sharp and Nettie B. Losee, by a deposit of $7,000.00, under the following agreement:

"The German-American Trust Company. No. 47,671.

"In account with Frank Sharp or Nettie B. Losee."

After a statement of account showing the deposit, credit of interest and one withdrawal, is the following:

"We hereby agree to the by-laws, rules and regulations of The German-American Trust Company, governing savings bank accounts, as set forth in the pass book furnished us upon opening our account, and to such other rules and regulations as the bank may prescribe.

"We further agree that all deposits now made or hereafter made for this account are our joint property and

upon the death of either of us shall pass and become the absolute property of the survivor. Any part thereof may be withdrawn upon the order of either of us or the survivor.

"Frank Sharp,
"Nettie B. Losee."

Sharp died in July, 1917, and in November, 1919, Nettie B. Losee for value assigned and transferred all her interest in the account to plaintiff. The bank declined to pay over the money to him on his demand as such assignee, and he brought this suit with the above stated result.

The complaint as amended shows the deposit with The German-American Trust Company, that The American Bank & Trust Company is its successor, sets forth the agreement quoted above, the fact of Sharp's decease, full compliance with all the rules and regulations of the bank, the assignment to plaintiff, his demand for payment and the bank's refusal. Also that Nettie B. Losee, prior to the time of the deposit, had a joint and undivided interest in the fund, which she held at the time of her assignment to plaintiff.

Plaintiff bases his claim upon the fund upon the last paragraph of the agreement, upon the theory that the death of Sharp vested the entire amount thereof in the survivor. It is settled law that joint tenancies, with the incident of survivorship, obtain as to personal property. As to such tenancies in joint bank deposits, the law is stated in 3 R. C. L., p. 527, as follows:

"It is well established that a bank account may be so fixed that two persons shall be joint owners thereof during their mutual lives, and the survivor take the whole on the death of the other. In creating a joint bank account with right of survivorship, it is a matter of no importance that the particular terms 'joint ownership' and 'joint account' are not used; the controlling question is whether the person opening the account intentionally and intelligently created a condition embracing the essential elements of joint ownership and survivorship. No particular formula is re-

quired, and courts will be controlled by the substance of the transaction rather than by the name given it."

The bank is a simple depositary, with no apparent independent property interest in the fund, except as created by the deposit. Under these circumstances, as against the bank, the complaint plainly states a cause of action, and the demurrer should have been overruled. Upon the present record we need not discuss or consider the question of gift of any kind, indeed, it would be improper to do so, since it is not involved, there being no such issue.

The judgment of the trial court is reversed and the cause remanded, with directions for further proceedings not inconsistent with the views herein expressed.