## No. 11,836.

### HOULE *v*. McMILLAN, ET AL.

Decided January 9, 1928.

Action to determine ownership of bank deposits. Judgment for defendants.

### *Affirmed.*

1. BANKS AND BANKING—*Deposits.* In whose name a bank deposit is made must be determined, not by ascertaining who made the deposit, but by ascertaining who has the right to draw the money.

2. *Certificates of Deposit—Joint Tenancy.* Where a person before his death deposited money in a bank and received therefor certificates reciting that he had deposited the sums mentioned payable to the order of himself or another person named, the depositor having died, it is held that the status of the parties was fixed by C. L. § 2692, and that the deposit was owned by them in joint tenancy with the right of survivorship.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. J. PAUL HILL, Mr. JOE T. ROGERS, for plaintiff in error.

Mr. HARRY BEHM, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and we hereinafter refer to plaintiff in error as plaintiff and defendant in error, Alice Houle McMillan, as defendant.

Deceased, in his lifetime, deposited certain moneys in the First National Bank of Brighton. After his death defendant cashed the certificates and appropriated the proceeds. Plaintiff, one of the heirs of deceased, brought this action to have said certificates declared property of the estate. To review the judgment herein entered against him he prosecutes this writ.

The certificates here in question recited that deceased had deposited the sums mentioned "payable to the order of himself or Alice Houle." The total amount is $3,150. At the time of the death of Julius Houle these certificates of deposit were in a safety deposit box at the bank. Former certificates, of which these were renewals, had been kept at home. Defendant at all times had access to them.

Section 2692, C. L. 1921, provides as follows: "When a bank deposit in any bank or trust company transacting business in this state has been made, or shall hereafter be made, in the names of two or more persons payable to them or to any of them, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons whether the other or others be living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient discharge to the paying bank from all said persons, their heirs, executors, administrators and assigns; and such deposit shall be deemed to be owned by said persons in joint tenancy with the right of survivorship;  \*  \*  \* "

Plaintiff contends that this statute does not apply to a certificate which recites that *deceased* "has deposited in this bank" because such deposit was made *in the name of the deceased* and not "in the names of two or more persons" as the law provides.

A number of authorities are cited by plaintiff which we need not notice. They correctly state the law as we understand it, but have no reference to a case arising under a statute like ours and no reference to a deposit made payable to one of several parties with an express

right of survivorship. Neither need we notice the contention that there was a variance between the pleading and the proof. The statute above quoted is expressly relied upon in the answer and there is ample evidence to support that defense. That there was some evidence that a part of the money deposited in fact belonged to defendant, or that one consideration moving deceased to have the certificates issued as they were was to compensate defendant for services, is also immaterial. Plaintiff says these deposits were in the name of deceased because the certificates recite that he made them. "The recital that a particular person made the actual deposit   *   *   * amounts to a mere statement of the source from which the bank received the money." *Lamar, etc. Drug Co. v. First Nat. Bank,* 127 Ga. 448, 56 S. E. 486.

This must be so, otherwise a deposit made by "A" payable to "B" would give "B" no interest. In whose name the deposit is made must be determined, not by ascertaining who made the deposit, but by ascertaining who has a right to draw the money.

It seems reasonably well settled that at common law a deposit payable to one or more persons, with an express right of survivorship, established a joint tenancy, subject to certain exceptions where the apparent intent of the depositor might be rebutted. 3 R. C. L. p. 527, sec. 155.

These and other authorities hold that the form of the account will not be regarded as conclusive, but that the intent of the depositor may be shown. Plaintiff here contends that the record discloses an intent which does not square with the form of the certificate. We think that a matter of grave doubt, but our statute has gone beyond the common law and expressly provides that a deposit "in the names of two or more persons payable to them or to any of them   *   *   *   shall be deemed to be owned by said persons in joint tenancy with the right of survivorship."

If the purpose of the act were merely to protect the bank, or if the form of the account was not to be regarded as conclusive, no meaning attaches to the last part of the quotation. We see no escape from the conclusion that these deposits were "in the names of" and "payable to" *deceased and defendant* and that the status of such a deposit is fixed by the statute in question.

The judgment is accordingly affirmed.