## No. 11,924.

FIRST NATIONAL BANK OF AURORA, ET AL. *v.* MULICH.

Decided April 2, 1928. Rehearing denied May 7, 1928.

Action on money demand. Judgment for plaintiff.

*Affirmed.*

1. JUDGMENT—*Record.* Findings and memoranda of proceedings are not a judgment and do not constitute a record thereof.

2. RES JUDICATA—*Dismissal.* The dismissal of a case without prejudice does not bar a subsequent suit on the same cause of action.

3. GIFTS—*Inter Vivos.* Where there was a written request by a depositor to her bank—which it retained—that her checking account be made joint with her brother, and that he might check upon the same only in case of her death, it is held that the trial court was right in holding that there was a gift inter vivos.

4. *Future Enjoyment.* It is lawful to give a present vested right to future enjoyment; enjoyment only is postponed.

5. *Conditional.* Actual transfer of ownership and possession of a chattel may be made subject to a contingent or even a conditional right of retraction.

6. BANKS AND BANKING—*Deposit—Contract.* Where a depositor in a bank executed and delivered to it a written request—which it retained—that her checking account be made joint with her brother, who could check upon the same only in case of her death, it is held that the transaction was more than an assignment of the account, that it was a matter of contract by which the bank agreed to pay the brother the balance remaining in the account upon the death of the sister.

*Error to the District Court of the City and County of Denver, Hon. Frank McDonough, Sr., Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. FRED E. HARRISON, for plaintiffs in error.

Mr. Edwin H. Park, for defendant in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

The action was by Edward J. Mulich against the bank to recover about one thousand dollars left on deposit by his deceased sister. On trial to the court plaintiff had judgment and the bank brings error.

There are two main points made by the plaintiff in error here: (1) That the matter was heard and determined against Mulich in the county court before he brought this action. (2) That the instrument by which he claims title is ineffectual because it did not create a joint deposit since it gave no present interest, but one only after the donor's death, and because there was no gift inter vivos since there was neither actual nor symbolic delivery, nor was the form of the instrument sufficient to show a present intent to give.

1. As to res adjudicata no judgment of the county court appears in the records. The findings and memoranda of proceedings are not a judgment, and do not constitute a record thereof. There is, then, no res adjudicata shown. We think, moreover, that the memoranda in evidence show that the county court intended to render a judgment of dismissal without prejudice, which would not bar the present action.

2. As to the merits, the essential facts are as follows: Isabel E. Mulich was a patient in Fitzsimmons hospital. January 5, 1925, she sent for Holzer, the assistant cashier of the bank, who called at her room, and she asked that her account in the bank be made a joint account with her brother, Edward J. Mulich. At her re-

quest the cashier drew and she signed and delivered to him the following, Exhibit A:

Jan. 5, 1925.

First National Bank, Aurora, Colo.

Gentlemen:—I hereby request that my checking account be made joint with my brother Edw. J. Mulich for him to check on only in case of my death.

Yours truly,

Isabel E. Mulich.

The exhibit was retained by the bank. Miss Mulich died May 20, 1925. Some deposits were made between January 5, and May 20, and two checks were drawn against the account, one dated May 20 and the other June 2 (neither presumably by her), which were paid by the bank. The record does not show who drew them.

The trial court was of the opinion that there was a good gift inter vivos; that the intent was clear, that the order was a sufficient delivery and that the acceptance was sufficiently proved. We think this was right.

The intent was beyond question. The word "joint" is proof that the transfer of a present interest was intended, otherwise it can have no meaning, and the ordinary meaning of that word with the rest of the writing is that defendant in error shall take as survivor as a joint tenant. It is lawful to give a present vested right to future enjoyment (*Miller v. Weston,* 67 Colo. 534, 540, 189 Pac. 610), and the enjoyment only is postponed. The delivery of the writing to the bank was as good a delivery as could be made, and acceptance must be presumed from Edward Mulich's conduct. It follows that the deposit is payable to defendant in error. *Miller v. American Bank & Trust Co.,* 71 Colo. 346, 206 Pac. 796.

The only difference between the present case and *Miller v. American Bank & Trust Co., supra,* is that there the enjoyment, i. e., the right to check, was not postponed. The authorities are, however, that such a right may be postponed (*Shopert v. Indiana Nat. Bank,* 41 Ind. App. 474, 83 N. E. 515; *Lamb v. Morris,* 118 Ind.

179, 20 N. E. 746, 4 L. R. A. 111), and that an actual transfer of ownership and possession of a chattel may be made subject to a contingent or even a conditional right of retraction. *Edgar v. Yant,* 66 Colo. 599, 603, 185 Pac. 252. A case similar in principle is *Northern Trust Co. v. Swartz,* 309 Ill. 586, 141 N. E. 433. The right, then, of Miss Mulich to withdraw the deposit at any time before her death is not inconsistent with the passing of a present interest.

It seems to us, however, that the decision was right for another and simpler reason. Exhibit A is like a draft, payable at a future time, upon a contingency. Its retention by the bank was like an acceptance constituting an agreement to pay the whole balance, if any, after the drawer's death, to Edw. Mulich, the payee, i. e., the transaction was more than a mere assignment of the account to Edward, it was a matter of contract by which the bank agreed to pay Edward the amount of whatever balance should remain upon his sister's death.

The judgment is affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.