Argued May 13; affirmed June 2, 1937

# SMITH *v.* BENJ. FRANKLIN SAVINGS & LOAN ASS'N ET AL.

(68 P. (2d) 1045)

*J. F. Alexander*, of Portland, for appellant.

*John D. Williams*, of Portland, for respondent.

KELLY, J.   At the time of her death, the late Ella Leotta Swanton, who died on May 30, 1933, had a savings account with the defendant, Benj. Franklin Savings and Loan Association.   This account was opened on the 15th day of April, 1925, and was not thereafter closed except by the death of Mrs. Swanton.   All deposits therein were made by said Ella Leotta Swanton. On the records of the association, the account was carried in the name of Mrs. Frank W. Swanton, the depositor being the widow of the late Frank W. Swanton.

The questions here are whether Mrs. Swanton agreed to and did transfer the fund in this savings account to her sister Mrs. Alice Nash and whether Mrs. Swanton changed said account from one held by herself only to a joint account with her sister Mrs. Alice C. Nash in such a way as to create the right and title thereto in the survivor.

Appealing defendant insists that the record discloses that there was a contract between Mrs. Swanton, Mrs. Nash and Benj. Franklin Savings and Loan Association to pay the fund to Mrs. Nash in the event that Mrs. Nash survived Mrs. Swanton.

We are unable to concur in this view.   It is true that Mrs. Swanton recognized the services rendered by

Mrs. Nash in the support, maintenance and care of their mother and expressed herself to the effect that Mrs. Nash had borne the greater part of the burden in that respect. It is also true that, upon the death of their mother, Mrs. Swanton wrote a letter to Mrs. Nash indicating that Mrs. Swanton did not want any part of the mother's life insurance, but desired that Mrs. Nash receive it all. It is also true that in January, 1930, when about to embark upon her first trip by airplane, Mrs. Swanton wrote to her sister Mrs. Nash: "You are hereby appointed to take care of all my earthly affairs and do everything as you please,—I think this is will enough for my first plane trip."

On the other hand, there is testimony to the effect that Mrs. Swanton told witnesses in effect that Mrs. Nash was in financially independent circumstances and that there was no need to make her the recipient of more property. Mrs. Swanton's will, which had been admitted to probate and which was executed on December 2, 1932, makes no reference to Mrs. Nash or to any agreement to assign, or any assignment of the fund in suit. The will is rather unique for its brevity. It is as follows:

"Dec. 2 - 32

All that I die possessed of in Palatine Hill property I will to the Ore Humane Society.

I will to Leotta Smith, my niece one thousand dollars.

I will to Leotta Martini, my other real property.

I will to my friends the personal effects I have named to them.

Ella L. Swanton.

Witnessed

A. L. Cross
M. M. Robinson."

In this state of the record, we think that the alleged agreement on the part of Mrs. Swanton to assign the fund in question to Mrs. Nash has not been proved.

■ Looking to the written memorandum upon the record of Mrs. Swanton's savings account, "In case of emergency I hereby authorize you to honor the signature of my sister as attached hereto", its terms import only an agency effective in case of an emergency. This agency terminated upon the death of the principal.

It will be noted that the direction given authorizes the association to honor Mrs. Nash's signature only in case of emergency. This imports that in the absence of an emergency the association was without such authority.

Reviewing the cases cited by appealing defendant, we are first met with the case, *In re Edward's Estate,* 140 Or. 431 (14 P. (2d) 274). There, Mr. Justice ROSSMAN, in his characteristically able and exhaustive manner, analyzes the cases dealing with the assignment of accounts such as the one in suit, and the creation of joint accounts of that nature. That case is distinguishable from the one at bar. In that case there was a written agreement furnished by the American National Bank and signed by Thornton and Lillie B. Edwards wherein the bank accepted their joint account under the express condition that the deposits were payable to either of them or the survivor.

*Vandiver et ux. v. Stone et al,* 149 Or. 426 (41 P. (2d) 247), is a suit to enforce an alleged oral agreement to devise and bequeath certain property to plaintiff. Upon a consideration of the record, this court, speaking through Mr. Justice BELT, held that the alleged contract had been proved.

The other cases cited by appealing defendant are: *First National Bank v. Mulich,* 83 Col. 518 (266 P. 1110); *Perry v. Leveroni,* 252 Mass. 390 (147 N. E. 826); *Chippendale v. North Adams Savings Bank et al.,* 222 Mass. 499 (111 N. E. 371); *Kelly v. Beers,* 194 N. Y. 49 (86 N. E. 980, 128 Am. St. Rep. 543); *West v. Mc-Cullough,* 123 App. Div. 846 (108 N. Y. S. 493); *Deal's Admr. v. Merchants' & M. Sav. Bank,* 120 Va. 297 (91 S. E. 135, L. R. A. 1917C, 548); *Kennedy v. Kennedy,* 169 Cal. 287 (146 P. 647, Ann. Cas. 1916D, 515); *Corcoran v. Hotaling,* 164 App. Div. 75 (148 N. Y. S. 302); *Illinois Trust & Savings Bank v. VanVlack,* 310 Ill. 185 (141 N. E. 546).

In *First National Bank v. Mulich,* supra, the order to the bank was as follows:

"I hereby request that my checking account be made joint with my brother Edw. J. Mulich, for him to check on only in case of my death."

In all of the other cases above cited there was no restriction upon the right to make withdrawals. It will be remembered that, in the case at bar, the defendant's signature could be honored only in case of an emergency. No emergency arose before the death of Mrs. Swanton by which the authority thus given was brought to an end.

The decree of the circuit court is affirmed. It is ordered that neither party recover costs or disbursements upon this appeal.

BEAN, C. J., and ROSSMAN and CAMPBELL, JJ., concur.