Zimmerman, J.
 

 Under the facts narrated, the Court of Appeals found that a valid contract had been entered into between L. Floy Walker and The Citizens Building Association Company, enforceable by Sceva Sti'nebaugh Walker, and she was accordingly awarded the certificate of deposit and the proceeds represented thereby. The executor contends such determination was erroneous and now asks for a judgment in his favor.
 

 Controversies relating to joint and survivorship bank accounts and certificates of deposit have been before this court a number of times. The latest pronouncement directly on the subject is found in
 
 Berberick
 
 v.
 
 Courtade,
 
 137 Ohio St., 297, 28 N. E. (2d), 636, wherein the other Supreme Court cases dealing with the question are cited.
 

 From a perusal of these cases it will be observed that Ohio has adopted and applied the so-called contract theory as distinguished from the gift or trust theory. See 7 American Jurisprudence, 299
 
 et seq.,
 
 Section 425
 
 et seq.
 
 This is the first time, however, a state of facts resembling those in the pending cause has been before us. In the cases heretofore considered, the right of the survivor or the survivors to the deposit has been sustained upon a contract in which all the persons connected with the transaction in some way participated. But as we view it, such participation is not always required.
 

 Here, the relationship of creditor and debtor existed between L. Floy Walker and The Citizens Building Association Company. She directed the latter to take $1,800 from her savings account and convert it into a certificate of deposit payable to herself or Sceva Stine
 
 *276
 
 baugh Walker or the survivor, and stated that such certificate might be placed in her pass book, all of which was done in consummation of the expressed desire and intent. An executed contract thereby arose between L. Floy Walker and the association, creating an immediate joint and equal interest in the certificate in L. Floy Walker and Sceva Stinebaugh Walker, with the attendant incident of survivorship
 
 (Cleveland Trust Co.
 
 v.
 
 Scobie, Admr.,
 
 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182), and binding the association to its terms. There was no disturbance of the arrangement and Sceva Stinebaugh Walker, as the survivor, became the owner of the certificate and entitled to its possession and benefits by virtue of the completed contract described. Consideration passing between the Walkers was not necessary, and full assent to the contract by Sceva Stinebaugh Walker may be presumed, such contract being one of advantage without burden.
 
 Rogers
 
 v.
 
 Gosnell,
 
 58 Mo., 589. Compare
 
 Harvey
 
 v.
 
 Gardner,
 
 41 Ohio St., 642, 649;
 
 Streeper, Admr.,
 
 v.
 
 Myers,
 
 132 Ohio St., 322, 325, 7 N. E. (2d), 554, 556.
 

 As pointed out in the Wisconsin case of
 
 In re Stover’s Estate, post,
 
 a transaction of the kind involved in the present litigation possesses some of the characteristics of a contract for the benefit of a third person, with respect to which this court has evinced a liberal attitude in allowing the third person to enforce the contract.
 
 Thompson, Admx.,
 
 v.
 
 Thompson,
 
 4 Ohio St., 333, 353;
 
 Brewer
 
 v.
 
 Maurer,
 
 38 Ohio St., 543, 43 Am. Rep., 436;
 
 Emmitt
 
 v.
 
 Brophy,
 
 42 Ohio St., 82, 88;
 
 Royal Indemnity Co.
 
 v.
 
 Northern Ohio Granite & Stone Co.,
 
 100 Ohio St., 373, 126 N. E., 405, 12 A. L. R., 378; 9 Ohio Jurisprudence, 446 to 453, Sections 220 to 222.
 

 We believe the principles enunciated in our own cases and in the following authorities, to which others could be added, support the position taken.
 
 Malone
 
 v.
 
 Sullivan,
 
 136 Kan., 193, 14 P. (2d), 647;
 
 In re Edward’s Estate,
 
 140 Ore., 431, 14 P. (2d), 274, and cases
 
 *277
 
 therein discussed and cited;
 
 Deal’s Admr.
 
 v.
 
 Merchants & Mechanics Savings Bank,
 
 120 Va., 297, 91 S. E., 135, L. R. A. 1917C, 548;
 
 Wisner, Admx.,
 
 v.
 
 Wisner,
 
 82 W. Va., 9, 95 S. E., 802;
 
 In re Staver’s Estate,
 
 218 Wis., 114, 260 N. W., 655; 1 Restatement of the Law of Contracts, 151, Section 133
 
 et seq.
 
 Compare,
 
 Eisenhardt
 
 v.
 
 Lowell, Exrx.,
 
 105 Colo., 417, 98 P. (2d), 1001.
 

 Discovering no adequate reason for disturbing the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams and Hart, JJ., concur.
 

 Turner and Bettman, JJ., dissent.
 

 Matthias, J., not participating.