## No. 18,426.

E. D. AVERY, ET AL. *v.* CITY OF FORT COLLINS, ET AL.

(351 P. [2d] 286)

Decided April 11, 1960.   Rehearing denied May 2, 1960.

Mr. LLOYD E. WILLIAMS, Mr. RONALD H. STRAHLE, Mr. DUKE W. DUNBAR, Attorney General, Mrs. PATRICIA H. MALOY, Assistant, for plaintiffs in error.

Messrs. HILL & COYTE, for defendant in error Roselawn Memorial Park Association.

Messrs. ALLEN, STOVER & MITCHELL, for defendant in error Fort Collins Municipal Golf Association.

Messrs. MARCH & WELLS, for defendant in error City of Fort Collins.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are here in the same order they appeared in the trial court, and we will refer to them as they there appeared.

On September 14, 1953, plaintiffs filed a class action for declaratory judgment in the district court of Larimer County which was subsequently dismissed upon motion by defendants. The judgment entered thereon was thereafter affirmed by this court without written opinion. *Avery v. City of Fort Collins,* 131 Colo. 34, 278 P. (2d) 1017 (1955).

Plaintiffs then filed a second action to which defendants, after answering, moved for summary judgment on the ground that the first action is res judicata as to the issues sought to be litigated by plaintiffs in the second suit. The present action was filed by three of the plaintiffs in the former action as taxpayers and on behalf of all other taxpayers in Fort Collins, Colorado.

The motion for summary judgment was granted and plaintiffs are here by writ of error seeking reversal, and contending that the trial court erred in holding that the present action is barred by the judgment in the original action.

The language of the trial court in dismissing the original complaint is set forth in the record, as follows:

"Finally, I have mentioned that the rule generally is that the courts will not entertain declaratory judgment where other remedies are most readily available. In this case there is an action much more suitable and readily available and appropriate to accomplish what these plaintiffs have in mind. * * * *the remedy which I am*

*going to suggest to plaintiff, a remedy called Tax Payers Actions. \* \* \* and that is the type of action that should be filed in this case.*

\* \* \*

"Now, I would suggest that in view of these allegations in this complaint that the proper type of action should be brought, one that can be legally, equitably, entertained under the laws in place of this attempted proceeding under the declaratory judgment statute, one which must fail because of lack of parties, lack of interest and lack of capacity of the parties as previously explained. "Accordingly, it must be ordered that the complaint and amended complaint be dismissed.

"MR. WILLIAMS. That order of dismissal *is without prejudice* to bring further action?

"THE COURT: That's right." (Emphasis supplied.)

From this it is clear that the dismissal was "without prejudice" and the judgment entered was not on the merits.

■ The first suit was a class action seeking declaratory relief. The trial court, in dismissing the complaint in that action found that a declaratory judgment could not be maintained for several reasons, and suggested a different remedy, to wit, a taxpayers' suit. That point of law was tested by writ of error and the judgment was affirmed by this Court. Plaintiffs then filed a taxpayers' action seeking a different remedy, to wit, rescission of certain contracts and damages. The original dismissal, granted because of a misconception of the remedy available and not going to the merits of the controversy is not a bar to the present action. *Hansen v. Jones,* 115 Colo. 1, 168 P. (2d) 263.

■ In this jurisdiction the dismissal of a case without prejudice does not bar a subsequent suit by the same parties on the same cause of action. *First Nat'l Bank of Aurora v. Mulich,* 83 Colo. 518, 266 Pac. 1110. Here the actions were not identical, the plaintiffs appear in a different capacity and additional parties are involved.

400

■ Defendants argue that a writ of error to this court from the original judgment resulting in affirmance, alters the rule. The plaintiffs having "elected to stand on their complaint" rather than amend it initially, cannot maintain a second suit. We are persuaded, however, that the rule posed by defendants applies only when the original judgment is entered on the merits. *Bryant v. Presbyterian Hospital in City of N.Y.*, 123 N.Y.S. (2d) 739, affirmed 129 N.Y.S. (2d) 231. Where a defective or improper complaint has been dismissed without prejudice and review sought in the Supreme Court resulting in an affirmance, a new action may thereafter be commenced. *Overseas News Agency v. Overseas Pres*, 58 N.Y.S. (2d) 540.

Judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.