## Richmond

### RUTH HURT HAYNES, ET AL. v. RUFUS C. HURT, EXECUTOR, ETC., ET AL.

December 6, 1968.

Record No. 6793.

Present, Eggleston, C.J., Buchanan, Snead, Carrico, Gordon and Harrison, JJ.

*Jay A. Price* for appellants.

*Bentley Hite* for appellees.

GORDON, J., delivered the opinion of the court.

Rufus C. Hurt, executor of the estate of John Calvin Hurt, brought this suit to recover funds allegedly belonging to the estate and appropriated by the defendants, Ruth Hurt Haynes and Jessie Hurt Wood. The defendants appeal from a final decree entering judgment against them in the principal amount of $17,219.05.[1]

---

[1] The plaintiff joined Mrs. Wood as a party defendant because Mrs. Haynes de-

■ The first question is whether Hurt's estate or Mrs. Haynes is entitled to the proceeds of a mortgage note, which represented the deferred purchase price of Florida real estate sold by Hurt during his lifetime.[2] By an instrument dated the same day as the mortgage, Hurt assigned the mortgage to himself and Mrs. Haynes, "a ½ interest in said mortgage to be owned by said J. C. Hurt, and a ½ interest therein to be owned by Ruth Hurt Haynes, and in the event of the death of either of said assignees, the entire proceeds to be payable to the survivor".

The special commissioner appointed by the trial court reported that all proceeds of the mortgage note belonged to Hurt or his estate, and not to Mrs. Haynes. Relying upon *Quesenberry* v. *Funk*, 203 Va. 619, 125 S.E. 2d 869 (1962), and other Virginia cases involving joint bank accounts, the commissioner concluded that the evidence produced by Mrs. Haynes had not overcome the presumption that Hurt made the assignment to her for his convenience. By the decree appealed from, the court confirmed the commissioner's report.

posited $7,200 of the funds allegedly belonging to Hurt's estate in a joint bank account in Mrs. Haynes's and Mrs. Wood's names. Any judgment entered against Mrs. Wood could not have properly exceeded that amount.

[2] The note, which was incorporated into a mortgage deed to Hurt, was dated January 30, 1962, was in the principal amount of $15,550, and bore interest at the rate of 6% per annum. Principal was payable one year after date and annually thereafter, and interest was payable six months after date and annually thereafter. The following schedule shows the maturity dates and amounts of the installments due under the note:

| Payable | Interest | Principal |
|---|---|---|
| 7/30/62 | $   466.50 | $ |
| 1/30/63 | | 3,110 |
| 7/30/63 | 839.70 | |
| 1/30/64 | | 3,110 |
| 7/30/64 | 653.10 | |
| 1/30/65 | | 3,110 |
| 7/30/65 | 466.50 | |
| 1/30/66 | | 3,110 |
| 7/30/66 | 279.90 | |
| 1/30/67 | | 3,110 |
| 1/30/67 | 93.30 | |
| | $2,799.00 | $15,550 |
| | | 2,799 |
| Total principal and interest | | $18,349 |

At Hurt's death on February 4, 1964, installments of principal and interest totalling $7,526.20 had matured.

The Virginia cases[3] relied on by the commissioner and trial court involved joint bank accounts—that is, accounts subject to withdrawal by either of two persons or by the survivor. Those cases hold there is a presumption that a person who deposits funds in a joint account does not intend to make a completed gift, but intends to establish a joint account for his convenience.[4]

The instrument of assignment in this case, unlike a joint bank account, irrevocably transferred an interest in the mortgage note to Mrs. Haynes. That interest, by the express terms of the instrument, was the right to receive one-half of the installments maturing while Hurt and she were living, and to receive all of the installments maturing after Hurt's death. Va. Code Ann. §§ 55-20, -21 (1959 Repl. vol.).[5]

Mrs. Haynes's legal interest having vested under the terms of the instrument, the Executor had the burden of proving that the transfer was made upon a resulting trust in order to establish the equitable right of Hurt and his estate to receive all proceeds of the note. And no presumption should have been applied against Mrs. Haynes insofar as her rights under the instrument were concerned. Since the Executor's bill of complaint alleges that Hurt made the transfer to Mrs. Haynes in trust for his benefit, we remand the case for a decision whether the transfer was made upon a resulting trust. If so, Mrs. Haynes should be held accountable only for proceeds of the mortgage note she has appropriated for her own use.

The other question is whether, if there be no resulting trust, Hurt's estate or Mrs. Haynes is entitled to the balances on deposit at Hurt's death in joint bank accounts in the names of Hurt and Mrs. Haynes.[6] If, as indicated by the record, funds belonging to both

[3] The commissioner cited *Wilkinson* v. *Witherspoon*, 206 Va. 297, 142, S.E.2d 478 (1965); *Quesenberry* v. *Funk, supra;* and *Wrenn* v. *Daniels*, 200 Va. 419, 106 S.E.2d 126 (1958). Other Virginia cases on the same subject are *Stevens* v. *Sparks, Ex'x*, 205 Va. 128, 135 S.E.2d 140 (1964); *King, Ex'x* v. *Merryman, Adm'x*, 196 Va. 844, 86 S.E.2d 141 (1955); *Deal's Adm'r* v. *Merchants & Mechanics Savings Bank*, 120 Va. 297, 91 S.E.135 (1917).

[4] The presumption is not applicable where the depositors are husband and wife. See *Wrenn* v. *Daniels, supra* n.3.
Code § 6.1-72 authorizes a bank to honor a check drawn by either depositor during their joint lives and to honor a check drawn by the survivor, but that section does not purport to determine the depositors' rights as between themselves.

[5] In view of counsel's agreement that Virginia law is applicable, we need not consider whether Florida law should govern the rights of the parties under the instrument of assignment.

[6] Mrs. Haynes is of course entitled to the total amount of her money deposited in the joint bank accounts, less any withdrawals for her own use.

Hurt and Mrs. Haynes were deposited in those accounts, this case is distinguishable from the earlier Virginia cases involving joint bank accounts (n. 3 *supra*). In each of those cases, one person deposited his funds in a joint account. In such a case there is a presumption that the person who deposits the funds does not intend to make a completed gift, but intends to establish a joint account for his convenience. But such presumption has no applicability to a case where two persons deposit their funds in a joint bank account.

Assuming that both Hurt and Mrs. Haynes deposited funds in the joint bank accounts, we hold that Hurt's Executor had the burden of proving that the funds were deposited for Hurt's convenience, and that no presumption arises in favor of either party.

The record does not contain sufficient information about the deposits in and withdrawals from the joint bank accounts during Hurt's lifetime to enable us to determine the ownership of the bank balances. Upon remand of this case, additional evidence should be heard and the court should decide whether the balances belong to the estate or Mrs. Haynes.

*Reversed and remanded.*